UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**VLADIMIR JEANTY,**   **MEMORANDUM OF LAW**

            **Plaintiff**,

               **Civ. Act. No.:
6:16-cv-966 (BKS/TWD)**

            v.

**CITY OF UTICA; THE COUNTY OF ONEIDA;
MARK WILLIAMS, Chief of Police, Utica
Police Dept.; individually and in his official capacity;
POLICE OFFICER MICHAEL F. CERMINARO, badge #1301,
individually and in his official capacity; INVESTIGATOR
PETER PALADINO, badge #6290, individually and in his official
Capacity; LIEUTENANT SEAN DOUGHERTY, badge #2553,
individually and in his official capacity; POLICE OFFICER
EDWARD HAGEN, badge # 3750 individually and in his official capacity;
POLICE OFFICER ADAM HOWE, badge # 4047 individually and in his
official capacity; POLICE OFFICER MICHAEL PETRIE, badge # 6612
individually and in his official capacity; POLICE OFFICER DANIEL
TAURISANO, badge # 8381 individually and in his official capacity;
SERGEANT DAVID DARE, badge # 1960 individually and in his official capacity;
SERGEANT PETER SCALISE, badge # 7547 individually and in his
official capacity; LIEUTENANT LOUIS CAPRI, badge # 1174 individually
and in his official capacity; INVESTIGATOR JOSEPH TREVASANI,
badge # 8529, individually and in his official capacity; FIRST ASST.
CORPORATION COUNSEL CHARLES N. BROWN, City of Utica,
individually and in his official capacity; HONORABLE SCOTT D. MCNAMARA,
Oneida County District Attorney, individually and in his official capacity;
MICAELA PARKER, individually and as an
employee of Gatehouse Media, LLC; FRAN PERRITANO, City Editor,
individually and as an employee of Gatehouse Media, LLC; RON JOHNS,
Editor, individually and as an employee of Gatehouse Media LLC;
GATEHOUSE MEDIA, LLC;**

            **Defendants.**
_____

## THE CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

i

# Table of Contents

**PRELIMINARY STATEMENT** ............................................................................................. 1

**ARGUMENT** ........................................................................................................................... 1

**POINT I IN RESPONSE TO PLAINTIFF'S POINT 1 & 2 PLAINTIFF'S FINANCES ARE DIRECTLY RELEVANT TO THE LIABILITY AND DAMAGES QUESTIONS THAT WILL BE BEFORE THE JURY IN THE ABOVE CAPTIONED MATTER** ...... 1

*1.   Plaintiff's finances, and in particular his tax returns, are highly relevant for Plaintiff's lost income claim.* ....................................................................................................................... 1

*2.   Plaintiff's 2009 New York state tax return, which is part of Defendants' Exhibit D-28, is highly relevant to the question before the jury on liability.* ........................................................ 3

**POINT II IN RESPONSE TO PLAINTIFF'S POINT 3 PLAINTIFF'S ARGUMENT UNDER FRE 609, CITY DEFENDANTS FIRST ARGUE THAT THE COURT NEED NOT CONCERN ITSELF WITH FRE 609 AS THE EVIDENCE IS BEING ADMITTED UNDER FRE 405 (B) WHICH IS DIRECTLY RELEVANT TO PLAINTIFF'S DEFAMATION OF CHARACTER CLAIM.** ............................................. 3

*1.   In the alternative as a response to Plaintiff's Point 3 (a) Defendants argue that adequate notice has been given as is evident by Plaintiff filing the motion in limine such that it is not trial by ambush and the convictions were not stale in 2009 at the time of the arrest nor should Plaintiff be rewarded for waiting until 2016 to file his lawsuit and dragging it out for five years.* ....................................................................................................................................... 4

*2.   In the alternative as a response to Plaintiff's Point 3 (b) Defendants argue that all of Plaintiff's criminal convictions are indicative of untruthfulness with the exception of the prior October 24, 2003 drug dealing conviction that is admissible under FRE 405.* ......................... 6

*3.   In the alternative as a response to Plaintiff's Point 3 (C) Defendants argue that under FRE 405 Plaintiff's April 10, 2003 arrest for criminal trespassing should be admissible on the defamation claim.* ........................................................................................................................ 7

*4.   In the alternative as a response to Plaintiff's Point 3 (d) Defendants argue that Plaintiff was just incarcerated in 2005 for the October 24, 2003 drug dealing arrest and was again arrested and incarcerated in this case in 2010 is proof that Plaintiff was not that emotionally damages by prison.* ..................................................................................................................... 7

**POINT III IN RESPONSE TO PLAINTIFF'S POINT 4 THE COURT SHOULD NOT BIFURCATE THE LIABILITY AND DAMAGES PORTION OF THIS TRIAL AS THAT WILL BE UNDULY BURDENSOME TO CITY DEFENDANTS AS THEY HAVE ALREADY BEGAN SIGNIFICANT TRIAL PREPARATIONS FOR ALL ISSUES AND UNNECESSARILY PROLONG THIS LITIGATION.** ................................ 8

**POINT IV IN RESPONSE TO PLAINTIFF POINT 5 CITY DEFENDANTS STILL ARGUE THAT HIS PAROLE REPORT AND PLAINTIFF'S TESTIMONY CONCERNING HIS MISBEHAVIOR REPORTS ARE RELEVANT TO DAMAGES AS THAT IS WHAT EXTENDED PLAINTIFF'S TIME IN PRISON AND THE VIOLATIONS GO TO TRUTHFULNESS** ........................................................................... 9

**POINT V IN RESPONSE TO PLAINTIFF'S SIXTH MOTION POINT, DEFENDANT CERMINARO DOES NOT HAVE ANY MILITARY SERVICE AND THUS THE POINT IS MOOT.** ................................................................................................................... 9

**POINT V IN RESPONSE TO PLAINTIFF'S SEVENTH MOTION POINT, ALL OF THE DISTRICT ATTORNEY WITNESSES ARE ON PLAINTIFF'S, NOT DEFENDANTS' WITNESS LIST AND AS SUCH PLAINTIFF SHOULD JUST NOT ILLICIT ANY SUCH TESTIMONY ON DIRECT.** ............................................................ 10

**POINT VI IN RESPONSE TO PLAINTIFF'S EIGHTH MOTION POINT, THE PICTURES OF PLAINTIFF WITH THE CRACK COCAINE ON HIS SHIRT AND HIS MULTIPLE DRUG DEALING CELL PHONES ARE CLEARLY RELEVANT TO PLAINTIFF'S POSSESSION OF CRACK COCAINE.** ...................................................... 10

**POINT VI IN RESPONSE TO PLAINTIFF'S NINTH MOTION POINT, AS ARGUED IN POINT I (2) ABOVE THE $1,739.00 OF CASH ON HIS PERSON POWERFUL CIRCUMSTANTIAL EVIDENCE OF PLAINTIFF'S DRUG DEALING ACTIVITIES AND THUS SHOULD BE ADMITTED.** ............................................................................ 11

**POINT V IN RESPONSE TO PLAINTIFF'S TENTH MOTION POINT, AS ARGUED IN POINT I ABOVE PLAINTIFF'S TAX RETURNS ARE DIRECTLY RELEVANT TO THIS PROCEEDING.** ............................................................................................. 11

**POINT V IN RESPONSE TO PLAINTIFF'S ELEVENTH MOTION POINT, PHOTOGRAPHS OF THE CHASE SCENE AND PLAINTIFF'S FINANCIAL EVIDENCE IS RELEVANT TO BOTH DAMAGES AND LIABILITY.** ....................... 12

**POINT V IN RESPONSE TO PLAINTIFF'S TWELFTH MOTION POINT, THE COURT SHOULD NOT BIFURCATE THE TRIAL.** ....................................................... 12

**CONCLUSION** .......................................................................................................................... 12

## PRELIMINARY STATEMENT

This is memorandum is in opposition to Plaintiff's motion in limine concerning various evidentiary issues for the upcoming trial in this matter. Given the amount of recent activity and the impending trial date, the Court's familiarity with the facts and procedural history of the case is assumed.

In summary this memorandum performs a line by line of the evidentiary points raised by Plaintiff.

## ARGUMENT

### POINT I
### IN RESPONSE TO PLAINTIFF'S POINT 1 & 2 PLAINTIFF'S FINANCES ARE DIRECTLY RELEVANT TO THE LIABILITY AND DAMAGES QUESTIONS THAT WILL BE BEFORE THE JURY IN THE ABOVE CAPTIONED MATTER

Plaintiff's claims his tax records and other financial history are not relevant to the above captioned matter, as such evidence "would only smear" Plaintiff "without offering any value to the jury." (ECF Doc. 414-1 pages 4-5). Plaintiff's argument is a red herring as it overly focuses on liability, not damages.

> 1. *Plaintiff's finances, and in particular his tax returns, are highly relevant for Plaintiff's lost income claim.*[1]

First, central to this is case is the question of compensatory damages as both Plaintiff and Defendant agree the jury will have answer a general interrogatory on this issue. (ECF Docs. ). Therefore, Plaintiff's claim for lost income entirely dependent on his finances. Accordingly, Defendants have searched the case law and all of the cases they have found support the proposition of a Plaintiff submitting his tax returns as evidence of loss income, not a Plaintiff

---

prosecuting a loss of income seeking to exclude his tax returns containing such highly relevant evidence.

Second, Plaintiff's finances and his tax returns, show significant deductions, with his business as driver for Uber and other similar businesses. Case law states:

> "Plaintiff primarily relies on its federal income tax returns as evidence of its lost *263 profits. However, plaintiff is incorrect that damages should be calculated based on its gross profits. Rather, the accepted method of calculating lost profits is to deduct overhead expenses and costs to calculate net profits. *See Lawton v. Melville, Corp.,* 116 F.3d 1472 (Table), 1997 WL 346129, at *2 (2d Cir.1997) (overhead is an appropriate deduction in determining lost profits); *Murphy Door Bed Co., Inc. v. Interior Sleep Sys., Inc.,* 874 F.2d 95, 103 (2d Cir.1989) (reversing judgment based on gross profits and remanding for recalculation of compensatory damages based on net profits); *Taylor v. Meirick,* 712 F.2d 1112, 1121 (7th Cir.1983) (in computing lost profits, costs necessary to generate income should be deducted from sales revenue); *W.E. Bassett Co. v. Revlon, Inc.,* 435 F.2d 656, 665 (2d Cir.1970) (in determining profits for trademark liability, deducting overhead, operating expenses and income tax from net sales); *Nu–Chem Labs., Inc. v. Dynamic Labs., Inc.,* No. 96–CV–5886, 2001 WL 35981560, at *9–*10 (S.D.N.Y. Mar. 30, 2001) (calculating lost profits by deducting costs and overhead from gross profits as evidenced by tax returns)."
>
> Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co., 630 F. Supp. 2d 255, 262–63 (E.D.N.Y. 2008)

In short Plaintiff should not be able to tell the jury how he has lost income but at the same time file tax returns under penalty of perjury showing sizeable deductions with very creative accounting, to say the least. As such Plaintiff's finances are fair game as they are highly relevant to his lost income claim and thus admissible during trial.

Likewise, to the extent that Plaintiff has received government assistance, the jury would be entitled to hear that relevant evidence, as collateral sources of payment are relevant to the total income loss Plaintiff alleged experienced. To hold otherwise would give the Plaintiff a windfall by essentially double dipping damages, as he would be entitled to one benefit from the government assistance program and then the same benefit from City Defendants.

2

2. *Plaintiff's 2009 New York state tax return, which is part of Defendants' Exhibit D-28, is highly relevant to the question before the jury on liability.*

To begin, it is not disputed that Plaintiff was caught with $1,739.00 of cash on his person. Moreover, the record establishes, and Defendants' will illicit testimony at trial that a person processing $1,739.00 of cash on his person in the Oneida Square area of Utica, New York is indicative a person dealing drugs. Therefore, such evidence is strong relevant circumstantial evidence of Plaintiff possessing the crack cocaine that Defendant Cerminaro swore that Plaintiff did. Nevertheless, Plaintiff has offered an explanation for this money, claiming it was money he earned, had loaned to Ms. Jamie Dunn which he had just repossessed. And just as Plaintiff, who has briefed the Court significantly on rebuttal evidence, City Defendants should be able to introduce evidence to rebut Plaintiff's explanation for this cash. Specifically, Plaintiff on his New York State 2009 tax return shows that Plaintiff *reported* that he made $18,974.00 which means, according to Plaintiff he just so happened to be carrying around under 10% of his total report yearly income the day he was arrested. It is respectfully, submitted the jury should hear all of the proof in order to properly way the creditability of Plaintiff's poor explanation for having $1,739.00 on his person in Oneida Square, Utica, New York.

In conclusion Plaintiff's finances are directly relevant to both liability and damages in the above captioned matter.

**POINT II**
**IN RESPONSE TO PLAINTIFF'S POINT 3 PLAINTIFF'S ARGUMENT UNDER FRE 609, CITY DEFENDANTS FIRST ARGUE THAT THE COURT NEED NOT CONCERN ITSELF WITH FRE 609 AS THE EVIDENCE IS BEING ADMITTED UNDER FRE 405 (B) WHICH IS DIRECTLY RELEVANT TO PLAINTIFF'S DEFAMATION OF CHARACTER CLAIM.**

Plaintiff begins his efforts to sanitize his criminal history by arguing under FRE 609. (ECF Doc. 414-1 pages 7-8).

However, as an initial matter City Defendants argue that FRE 609 does not apply. Specifically, FRE 609 begins with the following premise:

> "**a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:"

Here, as specifically detailed in City Defendants' memorandum of law supporting their motion in limine, Plaintiff's criminal convictions are not being admitted to attack Plaintiff's propensity for truthfulness[2], but rather to show that Defendant Cerminaro did not defame Plaintiff's character as he had a prior conviction for dealing crack cocaine. (ECF Doc. 413-4 pages 17-18). As such, Plaintiff's entire criminal history should be admitted on this basis alone.

> 1. *In the alternative as a response to Plaintiff's Point 3 (a) Defendants argue that adequate notice has been given as is evident by Plaintiff filing the motion in limine such that it is not trial by ambush and the convictions were not stale in 2009 at the time of the arrest nor should Plaintiff be rewarded for waiting until 2016 to file his lawsuit and dragging it out for five years.[3]*

For the sake of argument City Defendants address Plaintiff's arguments under FRE 609. First, Plaintiff complains he was not provided the requisite notice under the FRE of the conviction. This argument is defeated by Plaintiff's own motion which states he is aware of the City Defendants Exhibits pursuant to their FRCP 26 pretrial disclosures. (ECF Doc. 414-1 pages 7-8; ECF Doc. 404; See also 413). Thus there is no surprise and Plaintiff has had adequate opportunity to argue as to the Court as to why the jury should not hear about his prior convictions.

Second, Plaintiff's argument that his convictions are stale and thus not admissible under FRE 609 (b) is without merit. First, Plaintiff argues that as if this rule functions as absolute bar, such that any conviction older than ten years can never come into evidence. This is simply not

---

[2] It should be noted that the following sub-points explain how Plaintiff's criminal history should be admitted under FRE 609.

[3] Plaintiff also argues his prior convictions are not indicative of truthfulness under this point. City Defendants disagree and address this argument in the prior sub-point.

4

that case as this is well within the Court's discretion under FRE 609 (b) in its entirety reads:

> "**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

Indeed appellate courts have ruled that the FRE 609 (b) "weighing of probative value against prejudicial effect is committed to the sound discretion of the trial court." United States v. Foley, 683 F.2d 273, 278 (8th Cir. 1982) (citations omitted); United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992) (see also, "although the admissibility of the 1969 conviction is a close question, we do not believe that the district court abused its discretion. Federal Rule of Evidence 609(b) does not preclude admission of convictions older than ten years, it merely restricts their admissibility. Such evidence is admissible if its probative value supported by facts and circumstances substantially outweighs its prejudicial effect."). Accordingly, this Court should use its discretion to admit evidence concerning all of Plaintiff's prior convictions regardless of time.

Secondly, many of Plaintiff's convictions occurred with ten years of his 2009 arrest which is the subject of this lawsuit. Specifically, courts have ruled when calculating the ten years under FRE 609 (b) "the other offenses must have occurred at a time not too remote from the *time of commission of the principal offense*." United States v. Cox, 536 F.2d 65, 71 (5th Cir. 1976) (citing United States v. Adderly, 529 F.2d 1178, 1180 (5th Cir. 1976); United States v. Arteaga-Limones, 529 F.2d 1183, 1196-97 (5th Cir. 1976)) (See also; United States v. Oliver, 626 F.2d 254, 264 (2d Cir. 1980) (finding prior convictions not too remote when "all within 10 years of the *present*

5

arrest" (emphasis added)).  Specifically, here all but two convictions are within ten years of Plaintiff's 2009 arrest and thus they should be admitted. (Defendants Trial Exhibit D-25).

Under Plaintiff's logic this case has taken so long to come to trial the only criminal convictions that could come in would have to occur after 2011.  This makes no sense as the arrest at issue occurred in October 2009.[4]  And the time gap of this litigation and Plaintiff's underlying 2009 arrest is mostly attributable to Plaintiff because he delayed filing his 440 motion until 2015, did not file this present lawsuit until 2016 and has engaged in protracted litigation cause this case to last five years.  Thus under Plaintiff's logic none of Plaintiff's convictions could ever be admitted and Plaintiff should not be rewarded for waiting to prosecute his case and engaging in protracted litigation.

> 2. *In the alternative as a response to Plaintiff's Point 3 (b) Defendants argue that all of Plaintiff's criminal convictions are indicative of untruthfulness with the exception of the prior October 24, 2003 drug dealing conviction that is admissible under FRE 405.*[5]
> [6]

Plaintiff next argues that his criminal convictions should not be admissible as they do not speak to his propensity for truthfulness.  This argument is belied by the record.

Starting with Plaintiff's February 17, 2004 arrest and conviction the crimes Offering A False Instrument to File in the First Degree and Tampering with Public Records with Plaintiff pleading to the Offering a False Instrument charge (Defendant Trial Exhibit D-25 pages 3-4).  It is hard to think of a charge which does not relate more to ones propensity for truthfulness.  Next is Plaintiff's February 6, 2004 arrest also for Offering A False Instrument to File in the First Degree

---

[4] It should be noted that there are no post arrest convictions lists on Exhibit D-25 as it was created on October 23, 2009.

[5] Plaintiff also argues his prior convictions are not indicative of truthfulness under this point.  City Defendants disagree and address this argument in the prior sub-point.

[6]

6

and Tampering with Public Records with Plaintiff pleading to the Offering a False Instrument charge (Defendant Trial Exhibit D-25 pages 4-5).  Again very relevant evidence as to Plaintiff's propensity for truthfulness.  The next conviction is for a September 22, 2000 arrest where Plaintiff plead guilty to Possession of a Forged Instrument in satisfaction of that charge and Offering a False Instrument to File the First Degree.  (Defendant Trial Exhibit D-25 pages 7-8).  Again this is directly relevant to Plaintiff's truthfulness.  Next is an April 12, 1995 conviction for issuing a bad check, a crime of deceit.  (Defendant Trial Exhibit D-25 pages 8-9).  And another conviction for issuing a bad check, another crime of deceit on August 6, 1993.  (Defendant Trial Exhibit D-25 pages 9-10).  Accordingly, this extensively criminal history shows Plaintiff is a con man and willing to lie to get ahead which is precisely what he is doing in this case.

> 3. In the alternative as a response to Plaintiff's Point 3 (C) Defendants argue that under FRE 405 Plaintiff's April 10, 2003 arrest for criminal trespassing should be admissible on the defamation claim.

Plaintiff argues that his prior arrests are not admissible.  (ECF Doc. 414-1 pages 12-13) However, as has been explained extensively Plaintiff has put his character at issue with his defamation of character claim and thus Defendants should be able to admit evidence concerning his prior bad acts which includes an arrest for criminal trespass in April 10, 2003.  (Defendant Trial Exhibit D-25 page 7).

> 4. In the alternative as a response to Plaintiff's Point 3 (d) Defendants argue that Plaintiff was just incarcerated in 2005 for the October 24, 2003 drug dealing arrest and was again arrested and incarcerated in this case in 2010 is proof that Plaintiff was not that emotionally damages by prison.

Plaintiff was arrest on October 24, 2003 for dealing drugs and incarnated until July 25, 2005 until he was released.  (Defendants Trial Exhibit 25 pages 5-6).  Plaintiff apparently not emotional damaged nor deterred from prison continuing to deal drugs which resulting in 2009 arrest, and subsequent 2010 conviction and incarceration, the subject matter of this lawsuit.

7

Accordingly, and as argued before Plaintiff's incarceration history and the lack of any emotional injuries from his prior incarceration is relevant to the compensatory damages question in this case for the jury to decide. As such the evidence should be admitted.

### POINT III
### IN RESPONSE TO PLAINTIFF'S POINT 4 THE COURT SHOULD NOT BIFURCATE THE LIABILITY AND DAMAGES PORTION OF THIS TRIAL AS THAT WILL BE UNDULY BURDENSOME TO CITY DEFENDANTS AS THEY HAVE ALREADY BEGAN SIGNIFICANT TRIAL PREPARATIONS FOR ALL ISSUES AND UNNECESSARILY PROLONG THIS LITIGATION.

Plaintiff makes an eleventh hour request for bifurcation on liability and damages. (ECF Doc. 414-1 page 15). However, the Court should not bifurcate the liability and damages portion of this trial as that will be unduly burdensome to City Defendants as they have already began significant trial preparations for all issues and unnecessarily prolong this litigation. In short the bailiwick of the pretrial submissions are in, City Defendants have subpoenaed their witnesses, and most importantly reserved dates with their expert witness Doctor Lawrence Fargo, a purely damages witness, to testify at trial in this case. As such bifurcation at this late stage significantly prejudices City Defendants.

Moreover, bifurcation is like have two trials but only getting one case resolved. As such it doubles the workload to City Defendants and they object to bifurcation on this basis as well.

For the reasons stated herein, the Court should not bifurcate the trial in the above captioned matter.

## POINT IV
### IN RESPONSE TO PLAINTIFF POINT 5 CITY DEFENDANTS STILL ARGUE THAT HIS PAROLE REPORT AND PLAINTIFF'S TESTIMONY CONCERNING HIS MISBEHAVIOR REPORTS ARE RELEVANT TO DAMAGES AS THAT IS WHAT EXTENDED PLAINTIFF'S TIME IN PRISON AND THE VIOLATIONS GO TO TRUTHFULNESS

Even if Plaintiff withdraws his claim for emotional damages, and instead just seeks damages for the time spent in prison, City Defendants should still be able to illicit testimony and admit evidence (See Defendants Trial Exhibit D-27) concerning Plaintiff's incarceration, the reasons why it may have been extended and why he spent time in SHU. In short, it was Plaintiff's own actions which may have made his incarnation worse or lengthier and thus Plaintiff failed to mitigate his damages which is his duty under the law. To conclude, Plaintiff should not be able to complain to the jury about how bad prison was, but then City Defendants not be able cross examine Plaintiff about it.

Moreover, the parole report indicates under the "Disciplinary" section that one of Plaintiff's disciplinary issues in prison was for "false information" which relates directly to his propensity for truthfulness, thus it should be admitted on this basis as well.

## POINT V
### IN RESPONSE TO PLAINTIFF'S SIXTH MOTION POINT, DEFENDANT CERMINARO DOES NOT HAVE ANY MILITARY SERVICE AND THUS THE POINT IS MOOT.

Plaintiff argues that Defendant Cerminaro's military service should be precluded from testifying about his military service. (ECF Doc. 414-1 page 18). This point is moot as Defendant Cerminaro does not have any military service. Accordingly, it is moot.

## POINT V
## IN RESPONSE TO PLAINTIFF'S SEVENTH MOTION POINT, ALL OF THE DISTRICT ATTORNEY WITNESSES ARE ON PLAINTIFF'S, NOT DEFENDANTS' WITNESS LIST AND AS SUCH PLAINTIFF SHOULD JUST NOT ILLICIT ANY SUCH TESTIMONY ON DIRECT.

Plaintiff makes a difficult to comprehend argument.  He appears to be argued that District Attorney's on his witnesses list should not vouch for any other witnesses.[7] (ECF Doc. 414-1 pages 18-20).  The issue is all of the District Attorneys are on Plaintiff's witness, list not City Defendants.  As such Plaintiff is seeking to preclude his own witnesses from testifying.  This makes no sense.  As such the Court should deny this portion of Plaintiff's motion.

## POINT VI
## IN RESPONSE TO PLAINTIFF'S EIGHTH MOTION POINT, THE PICTURES OF PLAINTIFF WITH THE CRACK COCAINE ON HIS SHIRT AND HIS MULTIPLE DRUG DEALING CELL PHONES ARE CLEARLY RELEVANT TO PLAINTIFF'S POSSESSION OF CRACK COCAINE.

Plaintiff argues that the photographs of him with crack cocaine on his black shirt and of his five cell phones should not be admitted into evidence.  (See Defendants' Trial Exhibits D-1; D-2 and D-5; ECF Doc. 414-1 page 20).  However, Plaintiff is seeking to admit the very same photographs.  (Plaintiff Trial Exhibits P-20; P-22 and P-23).  Moreover, the white crack cocaine powder depicted on Plaintiff's black shirt in Defendant's Trial Exhibits D-1 and D-2 is directly relevant to the question of if Plaintiff possessed drugs.  Furthermore, the photograph depicting the number and type of cheap cell phones used by drug dealers is extraordinarily powerful circumstantial evidence of Plaintiff's possession of the crack cocaine.  In conclusion, it would harmful reversible error for the Court not admit these photographs given that the ultimate

---

[7] This is an unorthodox use of vouching, as allegations of vouching typically occurs when the United States Attorney or other government attorney who is prosecuting or defending a case vouches for the creditability of another witnesses, whereas here Plaintiff is calling a government attorney(s) as his witness.  Accordingly, he must live with their answers.

questions for the jury is Plaintiff's possession of the photographs.[8]

## POINT VI
### IN RESPONSE TO PLAINTIFF'S NINTH MOTION POINT, AS ARGUED IN POINT I (2) ABOVE THE $1,739.00 OF CASH ON HIS PERSON POWERFUL CIRCUMSTANTIAL EVIDENCE OF PLAINTIFF'S DRUG DEALING ACTIVITIES AND THUS SHOULD BE ADMITTED.

Plaintiff argues that the $1,739.00 of cash on his person should not be admitted into evidence. (ECF Doc. 414-1 page 21). City Defendants have established the relevance of such evidence in Point I (2) of this memorandum. As for Plaintiff's argument that Defendant Cerminaro was not aware of the money, Defendants dispute the accuracy of such statement by Plaintiff. And even if such a statement was true, Defendant Cerminaro is allowed to admit evidence beyond his personal direct knowledge which establishes that Plaintiff possessed the crack cocaine. Finally, how the money was disposed of in Plaintiff's criminal proceeding and the lack of any prosecution for asset forfeiture by the Oneida County District Attorney's office does not affect the relevancy of the existence of the cash to this proceeding.

## POINT V
### IN RESPONSE TO PLAINTIFF'S TENTH MOTION POINT, AS ARGUED IN POINT I ABOVE PLAINTIFF'S TAX RETURNS ARE DIRECTLY RELEVANT TO THIS PROCEEDING.

Plaintiff seeks to have the Court preclude evidence of his tax filings, but on the other hand is making a claim for lost income. (ECF Doc. 414-1 pages 21-22). As explained in Point I of this memorandum above, Plaintiff cannot have it both ways.

---

[8] It should be noted that for the first time in this litigation Plaintiff has done a complete 180 degree switch in his position and now admits that these photographs are inculpatory guts any chance that the Court should reinstate his Brady claim.

## POINT V
### IN RESPONSE TO PLAINTIFF'S ELEVENTH MOTION POINT, PHOTOGRAPHS OF THE CHASE SCENE AND PLAINTIFF'S FINANCIAL EVIDENCE IS RELEVANT TO BOTH DAMAGES AND LIABILITY.

In Plaintiff's next motion point in the *broadest of terms*, he seeks to exclude many of the pictures from the arrest scene and again his financial records. (ECF Doc 414-1 pages 22-23). However, it is respectfully submitted that all of these evidentiary issues have already been specifically addressed in City Defendants' other briefing. Supra. However, City Defendants just add that many of the exhibits Plaintiff seeks to exclude, Plaintiff himself is offering as proposed exhibits for trial. As such Plaintiff cannot have it both ways.

## POINT V
### IN RESPONSE TO PLAINTIFF'S TWELFTH MOTION POINT, THE COURT SHOULD NOT BIFURCATE THE TRIAL.

Next Plaintiff again argues that he is entitled to bifurcation because this attorney is somehow "in tune" with the Court. (ECF Doc 414-1 pages 23-24). It is respectfully submitted this argument has no basis in law or fact. The Court and this attorney work tremendously hard to "get it right" whereas Plaintiff has been completely obstructionist throughout this entire litigation. And this is Plaintiff's typical MO because once somebody, whether a, law enforcement official, attorney or even a judge takes a position he disagrees with, Plaintiff starts attacking the person individually. Plaintiff has continuously exhibited this behavior - it cannot stand and should not be tolerated.

## CONCLUSION

In conclusion City Defendants ask the Court for evidentiary rulings in their favor on all issues raised herein and for such other further relief as the Court deems just and proper.

Dated: June 16, 2021                                        Respectfully submitted,

*/s/ Zachary C. Oren*
Zachary C. Oren, Esq.
First Assistant Corporation Counsel
*Attorney for City Defendants*
Bar Roll #: 603001CC
One Kennedy Plaza
Utica, New York 13502
Telephone: (315) 792-0171
Email: zoren@cityofutica.com

TO:    Vladimir Jeanty (*via CM/ECF filing*)
       *Plaintiff Pro Se*
       P.O. Box 76
       Uniondale, New York 11553