**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VLADIMIR JEANTY,

                                    Plaintiff,                    6:16-cv-00966 (BKS/TWD)

v.

Police Officer MICHAEL F. CERMINARO, badge #1301,

                                    Defendant.

---

**Appearances:**

*Plaintiff pro se*:
Vladimir Jeanty
Uniondale, NY 11553

*For Defendant*:
Zachary C. Oren
First Assistant Corporation Counsel
Sehrish Nawaz
Assistant Corporation Counsel
One Kennedy Plaza
Utica, NY 13502

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff pro se Vladimir Jeanty filed this action under 42 U.S.C. § 1983 against Defendant Utica Police Department Officer Michael Cerminaro, asserting that Defendant fabricated evidence that was used against Plaintiff in a state prosecution. After a four-day jury trial before this Court in July 2021, the jury returned a verdict finding that Plaintiff failed to prove his claim by a preponderance of the evidence. (Dkt. No. 460). On July 22, 2021, Defendant filed a motion for bill of costs, which is currently before the Court. (Dkt. No. 463).

Plaintiff has filed objections to the motion. (Dkt. No. 465). For the following reasons, Defendant's motion is granted in part and denied in part.

## II.     APPLICABLE STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920," *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016), which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-0456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270.

## III.    DISCUSSION

### A.     Plaintiff's Objections to Individual Costs Submitted

Defendant seeks $8,451.32 in costs associated with defending this action. (Dkt. No. 463, at 1). Plaintiff disputes this amount, arguing that certain of the costs Defendant seeks are not taxable costs. (Dkt. No. 465).

### 1.     Fees for Summons and Subpoena

Defendant seeks costs in the amount of $894.92 for "[i]nvoices which were paid by the City for process serving done in the necessary defense of" the case. (Dkt. No. 463-1, at 6). "The costs of private process servers are generally recoverable under 28 U.S.C. § 1920(1)." *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 35 (N.D.N.Y. 1994); *see also Palm Bay Intern., Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 239 (E.D.N.Y. 2012) (observing that, while 28 U.S.C. § 1920(1) refers only to "fees of the . . . marshal," courts have found that taxation of costs for special process servers is justified "given the apparent congressional intent to make service of process a taxable item and due to the substitution of private process servers for the U.S. Marshal Service in recent years" (quoting *United States, et al v. Merritt Meridian Construction Co.*, 95 F.3d 153, 172 (2d Cir. 1996)). Plaintiff does not contend that these types of costs are not taxable as a general matter, but rather argues that the amount should be reduced to $320 because of "duplicate and unnecessary charges." (Dkt. No. 465, at 1-2).

Plaintiff objects to Defendant's request for the costs incurred to serve a subpoena on Plaintiff's employers, Topiderm, Inc. and Miller Environmental Group, (Dkt. No. 463-2, at 2, 5), totaling $160 for each employer, on the grounds that "[Defendant] did not have to serve the subpoenas at 2 addresses." (Dkt. No. 465, at 1). Defendant has not responded to Plaintiff's objections,[1] and the record does not reflect why it was necessary to serve two addresses for each of these employers. Absent an explanation for service at two addresses, the Court reduces the costs incurred to serve the subpoenas at the second address, for a total reduction of $130.00.

Plaintiff objects to Defendant's request for $95 incurred to serve a subpoena on "J.J.M. Transport of S.I., Inc.," (Dkt. No. 463-2, at 6), on the grounds that this subpoena "relates directly

---

[1] Under Local Rule 54.1(a) a prevailing party may file a reply to objections.

to Plaintiff as self-employed and was unnecessary," as "[a]ll information was provided during document discovery (tax records) and depositions." (Dkt. No. 465, at 1). There is no dispute that the documents were relevant; defense counsel asserts that the service was "in the necessary defense" of this action. (Dkt. No. 463-1, at 6). Defendant was not required to accept Plaintiff's representation that the discovery that had been provided was sufficient; the Court finds this cost taxable.

      Plaintiff objects to Defendant's request for $35 incurred to serve a subpoena on Jamie Dunn-Clarke, (Dkt. No. 463-2, at 3). Plaintiff asserts, with apparent inconsistency, that on the one hand that the subpoena "was not necessary as Plaintiff informed Counsel that He would produce Ms. Clarke for trial" and, that on the other hand, that "Ms. Clarke was unavailable due to her previously scheduled vacation." (Dkt. No. 465, at 2). Plaintiff's objection is without merit. The record reflects that, at Defendant's request, the Court endorsed a subpoena for Ms. Clarke on May 11, 2021, and that Defendant attempted to serve Ms. Clarke seventeen times between May 12 and June 21. (Dkt. Nos. 386, 435). On June 14, 2021 Defense counsel reported that "[d]espite diligent attempts by Defendant's process server," he believed that Ms. Clarke "has been avoiding service." (Dkt. No. 416). Defense counsel also reported that Plaintiff had just informed him that Plaintiff "learned yesterday" that Ms. Clarke was "scheduled to be away on vacation out of the Country and thus will be unavailable for trial." (*Id.*). Defendant provided evidence of his repeated attempts to serve Ms. Clarke, and asked the Court to deem her unavailable for trial under Fed. R. Evid. 804(a)(5)(A), and admit portions of her deposition testimony into evidence. The Court granted that request, and portions of Ms. Clarke's deposition were introduced into evidence at trial. *See* Text Minute Entry for Final Pretrial Conference held on June 28, 2021; Text Minute Entry for Telephone Conference held on July 9, 2021 (denying Plaintiff's motion

for reconsideration (Dkt. No. 441)); Text Minute Entry for Day 3 of Jury Trial (reading portion of the deposition testimony of Ms. Clarke). The $35 cost for service of a subpoena on Clarke is taxable.

Plaintiff objects to Defendant's request for $314.92 incurred to subpoena a qualified records custodian to testify about Plaintiff's medical records, (Dkt. No. 463-2, at 7), on the grounds that "[o]nce Plaintiff conferred with [defense counsel], and [defense counsel] explained that the documents themselves would not be admitted and submitted to the jury Plaintiff immediately withdrew His objection," and that "[i]t was counsel's responsibility in the first instance to confer with Plaintiff in this regard," which he "did not do." (Dkt. No. 465, at 2). The record reflects that Defendant issued this subpoena because Plaintiff initially refused to stipulate to the admission of the medical records. (Dkt. No. 448). The fact that Plaintiff later changed his mind, after conferring with defense counsel, is not a valid objection to costs incurred for service at a time when he was refusing to stipulate. The Court finds this cost taxable.

### 2. Fees for Transcripts

Defendant seeks a total of $6,812.45 in reimbursement for the deposition transcript expenses paid by the City in connection with the depositions of Cerminaro, Paladino, Dougherty, Plaintiff, Clarke, Rebecca Wittman, and McNamara. (Dkt. No. 463-1, at 6). Plaintiff argues that Defendant is only entitled to costs for the Plaintiff, Clarke and Wittman transcripts (a total of $1,594.95). (Dkt. No. 465, at 4).

It appears that Plaintiff is arguing that he was prepared to provide videos and transcripts of the Cerminaro, Dougherty, Paladino and McNamara depositions at no cost to Defendant, but Defendant objected to Plaintiff's proposal, which led Magistrate Judge Therese Dancks to issue an order regarding the deposition costs. (Dkt. No. 465, at 2-3). Judge Dancks ordered defense counsel for the Defendants represented by Corporation Counsel for the City of Utica ("the City

5

Defendants") to "make arrangements for the court reporter," and directed that the costs of the transcripts be split equally between the four parties (Plaintiff, the City Defendants, Defendant Sean Dougherty, and the County of Oneida Defendants). (Dkt. No. 463-3, at 8). Plaintiff objects that Defendant only incurred these costs because he refused to consent to Plaintiff's proposed manner of conducting the deposition, and that Plaintiff therefore should not be charged with them. Plaintiff also objects that the fees charged by the chosen court reporter are unreasonable because the court reporter charged too high of a rate and charged the same rate for copies as for the original.

A prevailing party is "ordinarily . . . permitted to recover costs for the original and one copy of [a] transcript[]." *C.C. ex rel. Camarata v. Polaris Indus., Inc.*, No. 14-cv-0975, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18 (N.D.N.Y. June 19, 2018). Stenographer fees are generally recoverable, *Hines v. City of Albany*, 862 F.3d 215, 219 n.2 (2d Cir. 2017), as are exhibit fees, because "exhibits are a necessary part of an original deposition transcript," *In re Omeprazole Patent Litig.*, 2012 WL 5427849, at *4, 2012 U.S. Dist. LEXIS 160046, at *18; *see* N.D.N.Y. *Guidelines for Bills of Costs*, II(D)(1)(h), (i) (listing "[c]ourt reporter fees for attendance and travel for depositions" and "copies of papers obtained as exhibits in the deposition" as taxable costs). Here, the costs Defendant incurred in complying with Judge Dancks' Order directing how the costs were to be shared are taxable. (Dkt. No. 463-3, at 8-11). The Court has reviewed the fees the court reporter charged for the transcripts and copies and does not deem the costs unreasonable.

However, Plaintiff also argues that "the total of $2152.00 [charged for McNamara's deposition transcript] is incorrect," and that the actual amount "should be $1974.50, a difference

of $177.50." (Dkt. No. 465, at 4 n.2 (citing Dkt. No. 463-3, at 18)). Plaintiff is correct, and the award of costs for transcripts is reduced by $177.50.

### 3.    Fees for Witnesses

Defendant seeks a total of $495 in reimbursement for subpoena fees associated with various witnesses and records custodians. (Dkt. No. 463-1, at 6-7). Plaintiff concedes that Defendant is entitled to subpoena fees associated with Ms. Clarke and Rebecca Wittman for a total of $90, but objects to all other costs, arguing that "[t]he subpoena directed at Plaintiff (JJM Transport) was unnecessary as all records were produced by Plaintiff during discovery," and that all the remaining subpoenas "were defective as they commanded those subpoenaed to comply outside of the 100-mile radius" over which the Court has subpoena power. (Dkt. No. 465, at 4-5). Defendant has not responded to this objection.

With respect to the JJM Transport subpoena, as discussed above, the Court has found that costs associated with that subpoena appropriate; the $45 subpoena fee is therefore taxable. With respect to the remaining eight allegedly defective subpoenas, the Court notes that there are instances in which courts have declined to impose costs associated with legally defective subpoenas. *See, e.g., New Skete Farms, Inc. v. Murray*, No. 06-cv-486, 2009 WL 10680320, at *2, 2009 U.S. Dist. LEXIS 140267, at *7 (N.D.N.Y. Apr. 3, 2009) ("However . . . the deposition subpoenas served on these individuals were not enforceable because they did not comply with Fed. R. Civ. P. 45(a)(2) . . . . As such, the nonparty witnesses apparently appeared for deposition out of a spirit of cooperation or due to ignorance of the defect, not because they were legally compelled. Accordingly, the court declines to impose costs on Murray for service of the defective subpoenas.").

If Plaintiff is correct that these subpoenas were legally defective, reducing the costs award by these costs would appear to be appropriate. Since the record does not reflect where

7

these parties were located, and Defendant has not responded to Plaintiff's objection, the requests for subpoena fees associated with witnesses and records custodians is only taxable in the amount of $135 (for subpoena fees for Ms. Clarke, Rebecca Wittman and JJM Transport).

### 4. Other Postage/Mailing Costs

Defendant seeks $248.95 in reimbursement for "postage that was expended in the defense" of the case, including mailing case material to Plaintiff and Dougherty's counsel, fed-exing trial binders to the Court and Plaintiff, and fed-exing the Sergeant Selimovic CD to the Court. (Dkt. No. 463-1, at 7-8). Plaintiff asserts that Defendant is entitled to $42.75 for the cost of sending the case file to Dougherty's counsel, but opposes the taxation of costs for the mailing of trial binders or the Selimovic CD. (Dkt. No. 465, at 5). However, all of Defendant's requested costs here are miscellaneous postage costs unrelated to service, which do not fall into any of the categories of "taxable costs" enumerated in 28 U.S.C. § 1920. *See Byrne v. Telesector Res. Grp., Inc.*, No. 04-cv-0076, 2010 WL 4340824, at *2, 2010 U.S. Dist. LEXIS 116730, at *4 (W.D.N.Y. Nov. 2, 2010) ("As for postage expenses, '[n]either section 1920 nor the rules thereunder permits a party to recover as a taxable cost any amounts expended for . . . postage unrelated to the cost of service." (collecting case law, and quoting *Langenberg v. Sofair*, No. 03-cv-8339, 2006 WL 3518197, 2006 U.S. Dist. LEXIS 88157, at *26 (S.D.N.Y. Dec. 7, 2006))). Defendant's motion to tax these postage costs is denied.

Defendant is therefore awarded a total of $7,534.87 in costs, comprised of $764.92 for service of summons and subpoena; $6,634.95 for transcripts; and $135 for witness fees.

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for costs (Dkt. No. 463) is **GRANTED in part,** to the extent that Defendant is awarded $7,534.87 in costs, but is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accord with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 30, 2021

Brenda K. Sannes
U.S. District Judge

9